# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RAY GOBERT,<br><br>Defendant. | CR-11-67-GF-DLC-RKS-01<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Gobert was charged with violating his supervised release conditions by consuming alcohol. He admitted to the violation. Mr. Gobert's supervised release should be revoked. He should be incarcerated for 9 months, with no supervised release to follow.

## II. Status

Mr. Gobert plead guilty in 2011 to Distribution of Methamphetamine. Doc. 20. He was sentenced to 12 months in prison, with three years supervised release to follow. Doc. 25. He began the supervision period in September 2012. Doc. 40. Mr. Gobert's supervised release was revoked in January 2013 for consuming alcohol and methamphetamine. Docs. 29, 38. He was ordered into custody for nine months, with 27 months supervised release to follow. Doc. 38. Mr. Gobert's current supervised release period began September 12, 2013. Doc. 40.

**Petition**

The United States Probation Office filed a petition on November 19, 2013, requesting revocation of Mr. Gobert's supervised release. The petition alleged that Mr. Gobert had violated Special Condition 4 of his supervised release by consuming alcohol on November 18, 2013, when he was arrested on suspicion of operating a vehicle under the influence of alcohol. Doc. 40. Based on the petition, the undersigned issued a warrant for Mr. Gobert's arrest. Doc. 41.

**Initial appearance**

Mr. Gobert was arrested on November 20, 2013. He appeared before the undersigned on November 21. Mr. Gobert was accompanied by Federal Defender Anthony Gallagher, who was appointed as counsel. The United States was represented by Assistant United States Attorney Jessica Betley. Mr. Gobert said he

had read the petition and understood the allegations.  Ms. Betley warned Mr. Gobert that he could be incarcerated for up to 24 months if his supervised release is revoked.  He waived his right to a preliminary hearing.  Doc. 42.

The undersigned informed Mr. Gobert that a revocation hearing would be held, and based on that hearing a recommendation would be made to United States District Judge Dana Christensen, who will decide whether to revoke his supervised release and, if appropriate, impose a sanction.  Mr. Gallagher said he and Mr. Gobert were prepared to proceed immediately to the revocation hearing, so it commenced.  Doc. 42.

**Revocation hearing**

Mr. Gobert was present at the revocation hearing with Mr. Gallagher.  Ms. Betley represented the United States.  Mr. Gobert admitted to violating his conditions of supervised release, as alleged in the petition (but not to any other alleged violation of law).

The undersigned believes Mr. Gobert's admission establishes a violation, and that the violation merits revocation of his supervised release.  Mr. Gobert's violation grade is C, his criminal history category is 1, and the underlying violation is a Class C felony.  He could be incarcerated for up to 15 months. The United States Sentencing Guidelines call for 3 to 9 months imprisonment.   U.S.

Guidelines Manual, Ch. 7. Mr. Gobert could be ordered to remain on supervised release for up to 27 months, less any custodial time imposed. Mr. Gallagher and Ms. Betley agreed with that statement of potential penalties.

Mr. Gallagher requested a sanction of incarceration within the guideline range and no additional supervised release. Mr. Gallagher said Mr. Gobert had initially done well on supervised release while living in Great Falls, Montana. However, he moved to Browning, Montana, where he encountered greater temptation. Mr. Gallagher said that Mr. Gobert intends to remain in Great Falls after any custodial sanction that may be imposed. Mr. Gallagher said a guideline penalty sufficiently punishes Mr. Gobert's breach of the court's trust. He argued that no additional supervised release should be imposed, as Mr. Gobert is simply unable to comply with the conditions.

Mr. Gobert addressed the court. He explained that his family has a ranch near Browning, where he works seasonally. But Mr. Gobert said there is too much temptation and too few jobs in Browning. He also said that he plans to remain in Great Falls in the future.

Ms. Betley requested a sanction of at the high end of the guideline range, but agreed that supervised release is ineffective in Mr. Gobert's case and should no longer be imposed. Ms. Betley argued that the high end of the guideline range is

appropriate because Mr. Gobert has repeated violations, with no record of successful compliance.

**Analysis**

Mr. Gobert's supervised release should be revoked. He admitted violating the prohibition on alcohol, and has previously violated conditions. He should be ordered into custody for nine months. Mr. Gobert's violation merits a sanction at the top of the guideline range because he has repeatedly failed to abide by court-ordered conditions of release. Like his previous violation, this one occurred early in the supervised release period. Mr. Gobert's refusal to comply with conditions for even a short time is a serious breach of the trust placed in him.

Supervised release should be discontinued. It is not effective in this case, as Mr. Gobert is unwilling to comply with the conditions. Continued supervision would be a poor use of government resources, and is likely to simply result in Mr. Gobert's return to incarceration.

**Conclusion**

Mr. Gobert was informed that the sanction described above would be recommended to Judge Christensen, who will ultimately decide whether to revoke supervised release and what, if any, sanction to impose. Mr. Gobert was advised

that he has a right to object to the Findings and Recommendations within 14 days of their issuance, and that Judge Christensen will not make his decision without considering Mr. Gobert's objection if it is properly filed within the alloted time.

The Court makes the following **FINDING:**

1. Mr. Gobert violated Special Condition 4 of his supervised release by consuming alcohol on November 18, 2013.

It is thus **RECOMMENDED:**

1. The District Court enter the attached Judgement, revoking Mr. Gobert's supervised release and committing Mr. Gobert to the custody of the United States Bureau of Prisons for a term of imprisonment of nine months.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period

would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 25th day of November, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge